CASE 100—MANDAMUS--MAY 22.

## McDonald v. Norman, Auditor.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

| 95 | 593 |
|----|----|
| 113 | 817 |

| 95 | 593 |
|----|----|
| e129 | 513 |

A CLAIM AGAINST THE STATE FOR WORK DONE IN COPYING AND ENGROSS-
ING BILLS UNDER EMPLOYMENT OF THE CLERK of the House of Rep-
resentatives, by direction of the House, is a "contingent expense" of
the House, and payable out of the State Treasury upon a voucher,
countersigned by the clerk, as provided by section 3 of article 1, chap-
ter 15, General Statutes, now section 342 of the Kentucky Statutes.
And as the payment of such "contingent expenses" is expressly pro-
vided for by a statute duly passed, the payment does not violate section
230 of the Constitution, which provides that "no money shall be drawn
from the State Treasury except in pursuance of appropriations made
by law."

THOMAS H. HINES FOR APPELLANT.

Cited: Sections 58 and 230 of Constitution;   section 3, article 1, chapter
192, acts 1891–2–3, page 853.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

Cited: Section 58 of Constitution; General Statutes, chapter 15, article
1, section 3.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

It is shown from the record before us that G. R. Kellar,
clerk of the House of Representatives (Session 1891–2–3)
was directed by that body, in order to the proper expedi-
tion of its business, to employ some one to do such copy-
ing and engrossing as he and his assistants could not do.

The appellant, McDonald, was so employed by the
clerk, and did work of the character indicated to the
amount of $1,149.50.

On August 12, 1892, the House unanimously passed
this resolution :

"RESOLVED, That the Auditor of Public Accounts is

hereby directed to issue his warrant on the treasury to such persons as have done engrossing and copying for the clerks of this House, which warrants the Treasurer is directed to pay:

"*Provided,* The vouchers for such work shall be countersigned by the clerk of the House, and approved by a majority of the Committee on Printing and Accounts, and the price shall not exceed," etc. (See House Journal, page 1902, volume 2.)

The itemized account of the appellant is thus indorsed:

"I certify the above account as a contingent expense of the General Assembly, the same having been directed to be done by the House at the price named herein. This voucher is hereby certified to the Auditor for payment, under section 3 of article 1, chapter 15 of the General Statutes.

"G. R. KELLAR, *Clerk H. R.*

"Approved:

"N. S. WALTON,

"A. J. CARROLL,

"G. E. WILLETT,

*Of Committee on Printing and Accounts.*"

Upon declining to issue his warrant for the payment of the foregoing voucher the Auditor was proceeded against by petition for mandamus and upon an agreed state of case as set out above, the court dismissed the petition, and McDonald has appealed.

The law supposed to authorize the payment of this claim as a part of the contingent expenses of the General Assembly, is found in article 1, chapter 15 of the General Statutes, now chapter 192, article 1, Acts 1891-2-3 (sections 340, 342 of The Kentucky Statutes), which reads as follows:

"Section 1. The claims upon the treasury specified in this chapter shall be paid when due, by the Treasurer, to the persons entitled to the same, the warrant to be issued by the Auditor or other officer upon such proof of the service or demand as is herein required.

"Section 3. The pay and mileage of the speakers and members of both Houses of the General Assembly, the compensation to the officers of the two Houses, . . . the compensation of the chief clerks upon the order of each House, stating the amount due; all other contingent expenses of the General Assembly, upon the production of the vouchers, countersigned by the clerks of the respective Houses."

It is claimed in the language of the affidavit supporting the demand, "that the necessity for this work was an incidental contingency that developed in the midst of the session, caused by the large bills presented for consideration in re-enacting the statutes to conform to the provisions of the New Constitution, and the large number of amendments adopted by each House to nearly all such bills." And so we must regard it. It needs no argument to prove that this claim is a part of the contingent expense account of the House of Representatives, and it seems to us clear that its payment is authorized under the statute quoted and referred to by the clerk in his certificate on the claim. Section 230 of the Constitution (section 5, article 8 of the old) provides that "no money shall be drawn from the State Treasury except in pursuance of appropriations made by law." . . . And here we have a statute duly passed by both Houses and approved by the Governor, providing in plain terms for the payment of

the " contingent expenses of the General Assembly upon the production of the voucher, countersigned by the clerks of the respective Houses." And here, too, we have the voucher of the appellant for work directed to be done by one of the Houses under the employment of its clerk which is countersigned by the clerk as provided by law and also approved by its Committee on Printing and Accounts and ordered paid by a resolution. It was not intended that the clerk of one House should countersign the vouchers for the contingent expenses of the other House. The clerks of the two Houses are required to attest the vouchers for the expenses of their own Houses, respectively. Upon such attestation these expenses are payable, just as the pay and mileage of the speakers and members of the House of Representatives are payable, and just as are the salaries and compensation of public officers or other agents of the State, as provided in section 10 of the article and chapter mentioned.

Being a part of the contingent expense account of the General Assembly, it is no more a private claim against the State than is the pay or compensation of the officers mentioned. The court should have directed the payment of the claim, and the judgment dismissing the petition is reversed and cause remanded for that purpose.