CASE 98—ACTION BY JAMES WALKER AGAINST GUS G. COULTER FOR A MANDAMUS.—JUNE 14.

# Walker v. Coulter, Auditor.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

LEGISLATURE—CONTINGENT EXPENSES—COMPENSATION OF OFFICER NOT AUTHORIZED TO BE ELECTED.

Held: Kentucky Statutes, section 342, providing for the payment of "contingent expenses" of the General Assembly "upon the production of the vouchers countersigned by the clerks of the respective houses," does not authorize the payment out of the State treasury of compensation to a porter of the Senate upon the certificate of the clerk of the Senate, as Const., section 249, provides that "the Senate shall not elect, appoint, employ or pay for, exceeding one chief clerk, one assistant clerk, one enrolling clerk, one sergeant-at-arms, one doorkeeper, one janitor, one cloak-room keeper and three pages; and the General Assembly shall provide, by general law, for fixing the per diem or salary of all of said employes," and Kentucky Statutes sections 1988-1992, after providing for the election of such officers, provide that "no other employes shall be elected, appointed, employed or paid for, without the joint action of the two houses.

HAZELRIGG & CHENAULT AND B. L. GUFFY, FOR APPELLANT.

It is admitted by the demurrer that the claim of appellant for services is a contingent expense. The official certificate of the clerk of the Senate is also to that effect and the circum-

Walker v. Coulter, Auditor.

stances detailed in the amended petition showing why the services were necessary, show it to be a contingent expense.  As such, the claim needed only the endorsement of the clerk of the house in which the service was performed.

Assuming, then, that the expense is a contingent one as is alleged and not denied, we submit that it is embraced in the language of section 342, Kentucky Statutes, directing payment out of the treasury of "all other contingent expenses of the General Assembly upon the production of the vouchers countersigned by the clerks of the respective houses."

We maintain that the statute upon which the auditor relies was intended to regulate merely the number and employment of the *regular* officers of the two Houses and not the *temporary* help needed in an emergency.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 340, 342; McDonald v. Norman, Auditor, 95 Ky., 593; Stone, Auditor v. Dispatch Pub. Co., 21 R., 1473.

CLEM J. WHITTEMORE AND ROBERT J. BRECKINRIDGE, ATTORNEY GENERAL, FOR APPELLEE.

The auditor has refused to pay this claim because there is no statute authorizing its payment.   There is a joint resolution filed with the record marked "A" authorizing James Walker, James Woolford, Austin Thomas and Price May to draw from the treasury the sum of $2.50 per day each for their services as porter, to be certified by the clerks of the respective bodies to the auditor before payment.

This resolution passed the Senate March 7, 1896, but was never taken up or voted on in the house, consequently is of no effect.

It can not be contended that a joint resolution attempting to appropriate money which never became a law, could afterwards be construed into a senate resolution appropriating money to defray a contingent expense, and if it could we contend that section 1882, Kentucky Statutes, expressly prohibits the employment or payment of any one except by a joint resolution.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 142, 1992, 1988, 1989; Senate Journal, 1896; Kentucky Constitution, sec. 249; McDonald v. Norman, 95 Ky., 593.

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

The facts appearing in this case are as follows:   Walker,

in his petition as amended, alleges that he was porter of the senate of Kentucky in 1896, and performed such duties as were required of him; that such duties were necessary, and properly rendered at a time of great political excitement, when the work needful to keep the chambers clear and make fires therein could not be done by the usual force of employes; that the work was temporary, not usually necessary at the stated sessions of the Senate, and the expense was a contingent expense, payable out of the treasury; that he worked for 71 days on behalf of and at the instance of the Senate, and is entitled to $177.50. The prayer was for a mandamus to compel the auditor to draw a warrant on the treasurer for that sum. The court sustained a demurrer to the petition as amended. He filed with his petition a joint resolution authorizing him and three other porters each to draw from the treasury $2.50 per day for their services as such, to be certified by the clerks of the respective bodies to the auditor before payment. This resolution however, appears on its face never to have passed in the house. He filed, also, a certificate, as follows:

Senate.

"Frankfort, Ky., March 17, 1896.

"Hon. James Walker, porter of the Senate, is entitled to the following pay

For per diem 71 days at $2.50 .................... $177 50
For mileage —— miles ——..........................

$177 50

"Approved as a contingent expense of the Senate, under section 342 of the Kentucky Statutes.

"Attest:            WM. CROMWELL,
"Chief Clerk of the Kentucky State Senate."

The resolution was a joint resolution attempting to appropriate money, which never passed the house.

Section 249 of the Constitution provides: ". . . The senate shall not elect, appoint, employ or pay for, exceed-

ing one chief clerk, one assistant clerk, one enrolling clerk, one sergeant at-arms, one door-keeper, one janitor, one cloak-room keeper, and three pages; and the General Assembly shall provide, by general law, for fixing the per diem or salary of all said employes." The object of this provision was to prevent the creation of a number of small offices to be filled by the Senate and the consequent electioneering and loss of time of the Senate in filling them, and to provide offices to be filled by responsible men, to whom the General Assembly might allow a compensation sufficient to permit the employment of ample assistants.

The contention of appellant is that section 342, Kentucky Statutes, authorizes the payment of the claim in controversy, upon the certificate of the clerk of the Senate, upon the authority of the opinion of this court in McDonald v. Norman, 95 Ky., 593 (16 R., 137) 26 S. W., 808. Section 342, referred to, provides how the pay and mileage of the lieutenant governor, president pro tem. of the Senate, speaker of the house and members of both houses, and the compensation of the officers of the houses, shall be made, and that "all other contingent expenses of the General Assembly (shall be made) upon the production of the vouchers countersigned by the clerks of the respective houses." In the McDonald case, it appeared that the House of Representatives directed the clerk, at the session of 1891-93, to employ some one to do such copying and engrossing as he and his assistants could not do. McDonald was employed, and performed service for which he claimed $1,149.50. The house passed a resolution directing the auditor to draw a warrant under what is now section 342, Kentucky Statutes. The court held that the claim was a part of the contingent expense account of the House of Representatives; and it was

further held that section 342 was an appropriation of money for contingent expenses, and therefore that the payment of the McDonald claim was not in violation of section 230 of the Constitution, providing that "no money shall be drawn from the State treasury, except in pursuance of appropriations made by law," and was not in violation of section 58, forbidding the auditing of any private claim by the General Assembly, because this claim was a contingent claim of the house. Section 249, which forbids the Senate to elect, appoint, employ or pay for exceeding one janitor, was neither cited, referred to, nor considered in the McDonald case. That case can, therefore, not be considered authority upon the construction of this clause of the Constitution, and in the light of this clause was incorrectly decided, and would doubtless not have been so decided had the intention of the court been called to the constitutional provision. But McDonald's work was done before August 12, 1892, which was the date of the house resolution directing the auditor to issue his warrant in payment for the work. On June 11, 1893, a statute was enacted directly applicable to this case. This statute, it will be observed, was enacted subsequent to the time that McDonald's claim became due, if it ever became due. It is to be found in sections 1988-1992, Kentucky Statutes. Section 1988 provides: "At the beginning of each regular session of the General Assembly, each house thereof shall elect one chief clerk, one assistant clerk, one enrolling clerk, one sergeant-at-arms, one door-keeper and one janitor. . . ." Section 1989 provides: "In addition to such other duties as may be prescribed by each house, it shall be the duty . . . of the janitor to keep the halls and ante-rooms swept and in order, to light the hall and make fires when necessary; to provide water for drinking and toilet purposes, and to perform the duties

of cloak-room keeper in his absence  .  .  ." Section 1990 provides for the attendance of each of said employes on the daily sessions of the house in which he is employed. Section 1991 provides: "All of said employes shall receive a per diem. which shall be in full of all services rendered by them, and it shall be as follows:  .  .  .  That of the janitor, four dollars.  .  .  ." Section 1992 provides: "No other employes shall be elected, appointed, employed or paid for, without the joint action of the two houses." This is decisive of the question before us, even if we treat section 249 of the Constitution as inapplicable because of the decision of this court in the McDonald case, in which its existence was not referred to. This is an express statute passed subsequent to the allowance of the claim therein considered, which forbids exactly the thing here sought to be done.

The judgment is affirmed.

Former opinion withdrawn.

Whole court sitting.

Chief Justice Guffy and Judge Paynter dissent.

Petition for rehearing by appellant overruled.