James, Auditor, v. Cromwell.

find no error that would authorize us in granting a new trial.

The judgment of the lower court must be affirmed.

CASE 55.—MANDAMUS BY EMMA GAY CROMWELL AGAINST
F. P. JAMES, STATE AUDITOR, FOR A WARRANT
ON THE STATE TREASURER TO PAY HER CLAIM
FOR SERVICES RENDERED THE STATE.—September 30.

## James, Auditor, v. Cromwell

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

From the judgment awarding the writ, the defendant appeals—Reversed.

States—Legislative Expenses—Constitutional Provisions.—Constitution, section 249, provides that the senate shall not employ or pay for exceeding one chief clerk, one assistant clerk, one enrolling clerk, one sergeant at arms, one doorkeeper, one janitor, one cloakroom keeper, and three pages. Ky. Stats. 1903, section 342, provides for the payment of the contingent expenses of the General Assembly on vouchers countersigned by the clerks of the respective houses. Held that, since the Constitution is a limitation on the right of the senate to hire employes, one employed by the chief clerk of the senate to copy bills is not, on the production of a voucher countersigned by the chief clerk, entitled to payment out of the state treasury as a contingent expense, though the services rendered were necessary.

JAMES BREATHITT, Attorney General, and JOHN F. LOCKETT, Assistant Attorney General, for appellant.

James, Auditor, v. Cromwell.

## POINTS AND CITATIONS.

1. Appellee was an employe serving the senate by writing up daily during the session of the senate, matters occurring in that body, and her work cannot be designated as a contingent expense. (Webster's Unabridged Dictionary, definition of the adjective, contingent; Section 249, State Constitution; Kentucky Statutes, 1988 to 1992, inclusive.)

2. The case of Walker v. Coulter, Auditor, is plainly analogous to this case, overruling as it does the opinion in the case of McDonald v. Norman, Auditor, and declaring that one who performed such work as McDonald did was an employe under section 249, State Constitution and sections 1988-1992, Kentucky Statutes, and could not be paid under section 342, Kentucky Statutes. (Walker v. Coulter, Auditor, 113 Ky. Law Rep., 814.)

3. Appellee performed the same work in senate that McDonald did in the house, and extra clerk is in opinion of appellant's counsel on the same footing as an extra janitor, as in the case of Walker. (M. C. Lilly v. Commonwealth, 29 Ky. Law Rep., 589; Constitution of Kentucky, sec. 249; Kentucky Statutes, secs. 1988-1992.)

JAMES T. BUFORD and WM. CROMWELL for appellee.

1. We contend that the employment of a person to perform an occasional act in the nature of a contingent expense, of either body of the legislature, was not intended to be covered by section 1992 of the Kentucky Statutes.

2. Section 1991, Kentucky Statutes, was not intended to repeal section 342, allowing pay for contingent expenses.

3. The intention to repeal section 342 will not be presumed; the rule being that if two apparently conflicting statutes can be reconciled they must both stand.

## AUTHORITIES CITED.

Kentucky Statutes, sections 342, 1989, 1990, 1991 and 1992; Constitution, sec. 249; Gen. Statutes, sec. 3, art. 1, p. 249; McDonald v. Auditor, 116 Ky. Law Rep., 137; Walker v. Coulter, 24 Ky. Law Rep., 530; Auditor v. Cain, 22 Ky. Law Rep., 1888; Senate Rule 16.

OPINION OF THE COURT BY JUDGE LASSING—.Reversing.

Appellee filed her suit in the Franklin circuit court, in which she alleged that during the 1908 session of the Legislature, at the instance and request of the chief clerk of the Senate, she performed services in copying bills, resolutions, and other papers necessary to be done as a contingent expense of the Senate, and which work it was impossible for the clerks of the Senate to do; that these services on her part were reasonably worth $314.75; that the chief clerk of the Senate indorsed and countersigned her said claim for services as correct, and she thereafter presented same to the Auditor of Public Accounts, and requested that he issue his warrant on the Treasurer, directing him to pay same; that the said Auditor refused to issue his warrant for said sum or any part thereof. She asked that a mandamus be issued directing the Auditor to issue his warrant on the Treasurer for the payment of said claim. To this petition the Auditor of Public Accounts filed a general demurrer, and pending same filed his answer, in which he denied that the work which appellee alleged she had done was such as could be properly charged to the contingent expense of the Senate, under section 342, Ky. St. 1903, and denied the right and authority of the chief clerk to make such employment, or to indorse and countersign her said account, and pleaded affirmatively that the plaintiff was not employed by the joint action of the two houses of the General Assembly, and denied that the right existed in any one to employ plaintiff without such action on the part of the General Assembly. To this answer plaintiff filed a general demurrer, and pend-

ing same filed as part of her petition the certificate of William Cromwell, chief clerk of the Senate, to the effect that the itemized account of plaintiff, amounting to $314.75, was just and correct as a contingent expense of the Senate. The court thereupon overruled the demurrer to the petition as amended, and sustained the demurrer to the answer, with leave to amend, and, the Auditor declining to amend, a judgment was entered directing him to draw his warrant upon the State Treasurer in favor of plaintiff for the amount of her claim, to-wit, $314.75. From this judgment the Auditor prosecutes an appeal.

For appellee it is admitted that the only authority for allowing this claim is that given by section 342, Ky. St. 1903, which is as follows: "The pay and mileage of the Lieutenant Governor, President pro tem of the Senate, and Speaker of the House of Representatives, and members of both houses of the General Assembly, the compensation to the officers of the two houses, except the chief clerks thereof, to be made on the certificate of the respective clerks of the amount due; the compensation of the chief clerks upon the order of each house stating the amount due; all other contingent expenses of the General Assembly, upon the production of the vouchers, countersigned by the clerks of the respective houses." Section 249 of the Constitution provides: "The House of Representatives of the General Assembly shall not elect, appoint, employ, or pay for, exceeding one chief clerk, one assistant clerk, one enrolling clerk, one sergeant at arms, one doorkeeper, one janitor, two cloakroom keepers, and four pages; and the Senate shall not elect, appoint, employ, or pay for, exceeding one chief clerk, one assistant clerk, one enrolling clerk, one sergeant at arms, one doorkeeper, one

janitor, one cloakroom keeper, and three pages; and the General Assembly shall provide by general law for fixing the per diem or salary of all of said employes.'' This section of the Constitution is clearly a limitation upon the right or power of either the House or Senate to hire officers and employes. It was evidently passed for the purpose of preventing either body from creating needless offices at the expense of the State. The case of Walker v. Coulter, Auditor, 113 Ky. 814, 68 S. W. 1108, is very like the case at bar. In that case Walker was employed as a porter in the Senate at $2.50 per day for 71 days. His employment covered the entire time that the Legislature was in session; whereas, in the case at bar the time during which appellee rendered services extended throughout the full legislative session. A distinction is attempted to be made between the two cases, in this: that in the case of the porter an attempt was made to charge the State for a fixed price per day during the legislative session, whereas, in the case at bar appellee has presented a claim for the sum which she says her services during the legislative session were reasonably worth. It is a distinction without a difference. The one is no more contingent than the other. It is evident that the makers of the Constitution intended that all the work of the legislative bodies should be performed by the officers and employes as defined by section 249, above referred to. And it may be presumed that in designating the names and numbers of such employes the Constitutional Convention was fully advised; for, in addition to having among its members men of broad experience in the conduct of the affairs of both House and Senate, it had access to the public records showing the number of employes that had theretofore been

required. That they did so is made manifest by their express declaration that neither body should pay for the services of any employe other than those designated in section 249. It could hardly be contended that the chief clerk had authority to do that which the Senate itself is expressly prohibited from doing.

It is urged that work of the character which was performed by appellee was absolutely necessary in order that the business of the Senate might be expeditiously carried on. This argument would address itself most forcibly to the Legislature as a reason why the Constitution should be amended so as to give to the respective legislative bodies more employes than those designated in section 249, if it should be found necessary to have such employes in order to properly conduct its business. Such an argument, however, has no place, and cannot be considered, here. Again, it is urged that these services should be paid for as a contingent expense of the Senate. We cannot agree with learned counsel that an employment of this character could be paid for as a contingent expense; for, if one copyist could be so employed and paid, the number could be multiplied ad libitum, and the very purpose and aim of the constitutional provision defeated. Counsel for appellee rely upon the case of McDonald v. Norman, Auditor, 95 Ky. 593, 16 Ky. Law Rep. 137, 26 S. W. 808, to support her contention, but in so doing they evidently overlooked the fact that in the more recent case of Walker v. Coulter, Auditor, this court said, in referring to the McDonald case: "That case can, therefore, not be considered authority upon the construction of this clause of the Constitution (section 249) and in the light of this clause was incorrectly decided and would doubtless not have been so decided had the

attention of the court been called to the constitutional provision.'' Again, on June 11, 1893, section 1902 of the Kentucky Statutes was enacted, which provides: ''No other employes shall be elected, appointed, employed, or paid for, without the joint action of both houses.'' So that, even if it should become necessary for either house to have the services of additional employes, before they could be legally employed, a joint resolution to that effect would have to be passed, if section 1992 is constitutional, which is not now decided. With the case of McDonald v. Norman, Auditor, practically overruled in Walker v. Coulter, Auditor, and section 249 of the Constitution prohibiting the Senate from giving to appellee the employment for which she seeks compensation, we are of opinion that the trial court erred in overruling the demurrer to the petition, as amended.

The case is therefore reversed and remanded, with instructions to sustain the demurrer to the petition, as amended.